UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REBECCA PERAZA,

    Plaintiff,

v.                                                CASE NO: 8:07-cv-2320-T-23MAP

PAUL MAZAK II, et al.,

    Defendants.

_____/

**ORDER**

    The plaintiff, Rebecca Peraza, removes (Doc. 1) this action from the circuit court for Sumter County and moves (Doc. 5) to amend the complaint. The defendants, Paul Mazak II, Reba Mazak, and Mazak Properties, Inc. ("Mazak Properties"), move (Doc. 7) to remand, oppose (Doc. 9) the motion to amend, and move (Doc. 7) for attorney's fees and costs. The plaintiff opposes (Doc. 10) remand. The peculiar sequence of events resulting in these motions requires detailed explanation.

Background

    On February 20, 2007, the plaintiff sued the defendants in the circuit court for Sumter County for negligently causing her injuries when the vehicle in which she was riding collided with the defendants' livestock on a public roadway. (Doc. 2 at 2) The complaint alleges that the plaintiff, Paul Mazak II, and Reba Mazak reside in Florida. (Doc. 2 at 1) At the plaintiff's deposition on December 19, 2007, a heated argument erupted concerning the plaintiff's need for an interpreter and the defendant Paul Mazak

II's presence at the deposition. (Doc. 9, Ex. A at 4-9) The defendants requested an emergency hearing at the state court. (Doc. 7, ¶ 3) During the hearing, the plaintiff's counsel represented that he had removed the case and that the court no longer had jurisdiction.[1] (Doc. 7, ¶ 3)

After the hearing, the deposition resumed with an interpreter, and the plaintiff's counsel remarked, "Just so you know, the Plaintiff's filed a notice of removal." (Doc. 9, Ex. A at 11, ¶¶ 10-11) The plaintiff testified to her United States citizenship, her residency in Florida from 1988 until May, 2007, and her re-location to her native Costa Rica in May, 2007.[2] (Doc. 9, Ex. A at 13, ¶ 3-4 & 21, ¶ 1) When asked whether she intended to return to the United States permanently, the plaintiff responded, "[i]f I have my surgery I will have it in U.S. and I want to come back and start my life again here." (Doc. 9, Ex. A at 16, ¶¶ 15-19) When asked whether she intended to remain in Costa Rica, the plaintiff responded, "No, sir." (Doc. 9, Ex. A, ¶¶ 20-21)

One day later, the plaintiff removed (Doc. 1) the action on the basis of diversity of citizenship. In the notice of removal, the plaintiff alleges that she "is a citizen and resident of the country of Costa Rica" and that Mazak Properties is a Florida corporation with its principal place of business in Florida. (Doc. 1, ¶¶ 4, 5) Moving to amend the complaint, the plaintiff states that "Plaintiff filed the State court action and mistakenly alleged that the Plaintiff was a resident of Hernando County. Plaintiff is in fact a

---

[1] The record does not contain a transcript of the emergency hearing. The defendants report the plaintiff's counsel's representation, and the plaintiff fails to dispute it.

[2] The plaintiff's response to the defendants' interrogatories, served April 26, 2007, states that the plaintiff had resided in Brooksville, Florida, "for 8 years from 1999 to present." (Doc. 9, Ex. B, at ¶ 3)

- 2 -

resident of the country of Costa Rica.  Plaintiff had citizenship in the United States but now resides permanently in her country of birth Costa Rica."  (Doc. 5 at ¶ 1)

Removal

The plaintiff's removal presents substantive and procedural defects, three of which warrant discussion.  First, the removal violates the well-established rule that only defendants may remove an action.  28 U.S.C. § 1441(a) (providing that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants").  A plethora of binding and persuasive authorities have acknowledged that only defendants may remove.  See e.g., Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 472 (1996) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court . . . ."); Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1048 (11th Cir. 2001) ("The defendants' right to remove a case is their right alone."); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1248 (9th Cir. 1999) ("The right to remove a case from state to federal court is vested exclusively in 'the defendant or the defendants . . .' 28 U.S.C. § 1441(a)."); Conner v. Salzinger, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to a defendant or defendants."); Guttman v. Silverberg, 374 F. Supp. 2d 991, 993 (D.N.M. 2005) ("Guttman is a plaintiff and is not entitled to remove this case to federal court."); Seminole County v. Pinter Enters., Inc., 184 F. Supp. 2d 1203, 1207

- 3 -

(M.D. Fla. 2000) ("[O]nly defendants may remove an action from state to federal court."); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (3d. ed. 1998) ("[A] cardinal rule is that only defendants may remove . . . .").

Second, the plaintiff fails to establish diversity jurisdiction.  Removal requires diversity at the initiation of the action, see Roecker v. U.S., 379 F.2d 400, 407 (5th Cir. 1967), and at the time of removal, Wright v. Continental Cas. Co., 456 F. Supp. 1075, 1077 (M.D. Fla. 1978).  "Diversity jurisdiction exists over a controversy between citizens of different states." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).  "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."  McCormick, 293 F.3d at 1257.  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1249 (11th Cir. 2005) (internal quotation marks omitted).  The determination of diversity requires examination of "the plaintiff's pleadings at the time of removal."  Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

The complaint alleges that the plaintiff, Paul Mazak II, and Reba Mazak reside in Florida.  (Doc. 2 at 1)  In her deposition and response[3] to the defendants' interrogatory, the plaintiff admits that she lived in Florida for several years until May, 2007, when she moved to Costa Rica.  (Doc. 9, Ex. A at 13, ¶ 3-4 & 21, ¶ 1; Doc. 9, Ex. B at 3, ¶ 3)  However, in the motion to amend, filed two days after the deposition, the plaintiff insists that she "mistakenly alleged" Florida residency in the complaint and that she "is in fact"

---

[3] In response to the defendants' interrogatory, the plaintiff lists her city of residence as Brooksville, Florida, and states, "I lived here for 8 years from 1999 to present."  (Doc. 9, Ex. B at 3, ¶ 3)

- 4 -

a resident of Costa Rica. (Doc. 5 at ¶ 1) The motion to amend therefore asserts (or, at least, implies) that at the initiation of the action in February, 2007, the plaintiff had Costa Rican domicile, a fact directly contradicted by the plaintiff's testimony and interrogatory response. Ironically, the plaintiff's purported Costa Rican domicile provides no support for diversity because the plaintiff admits United States citizenship and a U.S. citizen domiciled abroad lacks citizenship in any state and cannot establish diversity jurisdiction. See e.g., Smith v. Carter, 545 F.2d 909, 911 (5th Cir. 1977) (holding that U.S. citizen domiciled in Canada could not invoke diversity jurisdiction).

Third, the removal ignores the rule that none of the defendants may be a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b) (providing that diversity cases "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Indeed, as the plaintiff acknowledges, each defendant is a Florida citizen. Therefore, removal was unavailable to the defendants.

In short, the plaintiff's removal sharply contravenes at least three elementary and obvious principles of diversity-based removal. The removal demonstrates either a troubling ignorance of basic federal civil procedure or an unfortunate and misbegotten tactic, deployed to avoid an adverse ruling by the state court. Furthermore, in the motion to remand the defendants thoroughly explained the errors in the plaintiff's removal, to which explanation the plaintiff proved oblivious.

### Attorney's Fees

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S. Ct. 704, 708 (2005); see also Bauknight v. Monroe County, Fla., 446 F.3d 1327, 1329 (11th Cir. 2006). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Martin, 546 U.S. at 141. "When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." Although an award of fees requires no finding of bad faith, "[i]t goes without saying that if a removal is taken in bad faith, that fact constitutes a circumstance militating strongly in favor of an award of fees against the removing party." Gray v. New York Life Ins. Co., 906 F. Supp. 628, 633 (N.D. Ala. 1995); see also Husko v. Geary Elec., Inc., 316 F. Supp. 2d 664, 669 (N.D. Ill. 2004). The plaintiff's counsel lacked an objectively reasonable basis for removal and should reimburse the defendants reasonable attorney's fees and costs incurred in defeating the spurious removal. See State of Wis. v. Missionaries to the Preborn, 798 F. Supp. 542, 544 (E.D. Wis. 1992) (holding that "1447(c) allows a court, within its discretion, to impose costs and expenses against not only parties but, but also against their attorneys if the latter filed baseless papers or pleadings").

Conclusion

The defendants' motion (Doc. 7) to remand is **GRANTED** and the plaintiff's motion (Doc. 5) to amend the complaint is **DENIED AS MOOT**.  The defendants' motion (Doc. 7) for attorney's fees and costs is **GRANTED** against the plaintiff's counsel.  Unless the parties agree to an amount, on or before **Friday, January 25, 2008**, the defendants shall submit evidence of their attorney's fees and costs.  See Huffman v. Saul Holdings Ltd. P'ship, 262 F.3d 1128, 1134 (10th Cir. 2001).  The submission should include at least counsel's affidavit establishing the time expended, and the hourly rate involved, a specific statement of the claimed reasonable fee, and a particularized statement of costs.  The plaintiff may respond to the submission in the time provided in Local Rule 3.01(b).  Accordingly, jurisdiction is retained only to award reasonable attorney's fees and costs.  See e.g., Mints v. Educational Testing Serv., 99 F.3d 1253 (3d Cir. 1996); Moore v. Permanente Med. Group, Inc., 981 F.2d 443 (9th Cir. 1992); Montgomery & Larmoyeux by Montgomery v. Philip Morris, Inc., 19 F. Supp. 2d 1334 (S.D. Fla. 1998).  This case is otherwise **REMANDED**.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Sumter County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on January 18, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE